UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,  :
  :
      Plaintiff  :
  :
  v.  :  CIVIL NO. 4:CV-07-131
  :
JANINE DONATE,  :  (Judge McClure)
  :
      Defendant  :

## MEMORANDUM

January 30, 2007

**Background**

Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Lackawanna County Prison, Scranton, Pennsylvania, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as sole Defendant is Warden Janine Donate of the Lackawanna County Prison. The complaint is accompanied by a request for leave to proceed in forma pauperis.[1]  For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice, as legally frivolous pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(I).

---

1. Reynolds completed this Court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account. The Court then issued an Administrative Order directing the Warden of the Lackawanna County Prison to commence deducting the full filing fee from Plaintiff's prison trust fund account.

1

Plaintiff's initial claim contends that the Lackawanna County Prison fails to segregate federal inmates from state and county prisoners.[2] As a result of this purported policy, Reynolds was "placed" with Inmate Galliego, a state inmate. Record document no. 1, ¶ 4. On April 25, 2006 Galliego allegedly assaulted Reynolds twice. The complaint acknowledges that the second assault was witnessed by Correctional Officer Black.

Reynolds next contends that pursuant to Warden Donate's policy his request to telephone the District Attorney's Office was denied. The purpose of the requested phone call was to initiate assault charges against Inmate Galliego. Plaintiff admits that Correctional Officer Black "did charge him [Galliego] upon seeing the second assault." Id. The remaining allegation raised by the Plaintiff is that he spent approximately three (3) months on 23 hour lockdown with a prisoner who had assaulted another inmate. There is no allegation by the Plaintiff that he was attacked or otherwise injured by said prisoner or that he is still on lockdown status. Reynolds seeks compensatory and punitive damages as well as injunctive relief.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

---

2. Plaintiff is presently the subject of an ongoing federal criminal prosecution in this district. See United States v. Reynolds, Case No. 3:05-CR-493. Jury selection and trial are presently scheduled for March, 2007.

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[3]  The Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).  "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A claim by a pre-trial detainee that he was subjected to unconstitutional conditions of confinement is reviewed under the Due Process Clause of the Fourteenth Amendment. The applicable test is whether the challenged conditions amount to punishment prior to an adjudication of guilt under the Due Process Clause. "Absent a

---

[3].   Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

showing of express intent to punish, the determination will normally turn on whether the conditions have an alternative purpose and whether the conditions appear excessive in relation to that purpose." Nelson v. Hill, 2006 WL 3741849 *1  (3d Cir Dec. 20, 2006).

The Third Circuit Court of Appeals also recently observed that conditions of confinement claims by pre-trial detainees have parameters that are coextensive with those of the Eighth Amendment's prohibition against cruel and unusual punishment. Keller v. County of Bucks, 2006 WL 3779749 *3 (3d Cir.  Dec. 22, 2006).  Finally, the totality of circumstances within a correctional institution should be considered when conducting an inquiry into whether conditions constitute punishment.  Hubbard v. Taylor, 399 F.3d 150, 160  (3d Cir. 2005).

**Criminal Charges**

Plaintiff's initial contention maintains that Warden Donate enacted or enforced a purported policy which prohibited inmates from telephoning the District Attorney's Office for the purpose of requesting that criminal charges be initiated against other inmates.[4]  This policy allegedly  stemmed from a belief that an inmate would refuse to testify against a fellow prisoner if the matter proceeded to trial. However, Reynolds adds that approximately one (1) month after he was assaulted, another prisoner assault victim was permitted to seek the filing of criminal charges against the responsible prisoner.

---

4 .    It is unclear whether Plaintiff wanted to make the call himself or whether he asked the Correctional Officer to place the call.

It is initially noted that it is unclear from the complaint whether it was the Plaintiff himself who wished to place the phone call or whether the inmate was requesting that the Correctional Officer initiate the filing of criminal charges. If the complaint is asserting that the alleged prison policy precluded a correctional officer from contacting the District Attorney, it has been recognized that the failure of correctional officials to refer a matter to a district attorney for possible prosecution does not violate an inmate's constitutional rights. Lacy v. Berge, 921 F.Supp. 600, 609 (E.D. Wisc. 1996). Thus, any failure on the part of any correctional officials to bring criminal charges on behalf of Reynolds does not rise to the level of a constitutional violation.

In the event that it was the Plaintiff who was prevented from making the phone call, private citizens lack "a judicially cognizable interest in the prosecution or nonprosecution of another." Taylor v. Matthews, 1997 WL 257507 *1 (N.D. Ca. May 6, 1997)(quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Thus, regardless of who was allegedly prevented from telephoning the District Attorney's Office, there is no basis for § 1983 liability.

Furthermore, there is no assertion by the Plaintiff that Warden Donate prevented him from writing to the District Attorney's office and requesting to file a private criminal complaint against the alleged inmate assailant. See Hampton v. Administration of SCI-Graterford, 1988 WL 74952 * 1 (E.D. Pa. Pa. July 12, 1988). As a result, there was no interference with the Plaintiff's right of access to the courts which is guaranteed under Bounds v. Smith, 430 U.S. 817 (1977).

Based on the totality of the circumstances, the challenged policy had a legitimate governmental purpose. This conclusion is bolstered by the absence of any averments that Plaintiff was prevented from writing to the District Attorney or otherwise initiating a private criminal complaint.[5] In conclusion, Plaintiff has not set forth a viable claim that the alleged policy constituted punishment in violation of the Due Process Clause of the Fourteenth Amendment.

**Failure to Protect**

Plaintiff's complaint next seeks relief on the grounds that the Defendant failed to protect his right to be free from harm by other inmates. Reynolds asserts that the lack of separation between federal, state, and county prisoners constituted a failure to protect his safety by Warden Donate. He is also apparently claiming that by placing him in administrative detention with a prisoner who had previously assaulted another inmate, the Defendant placed him at risk of assault by another prisoner.

The Supreme Court in Farmer v. Brennan, 511 U.S. 825, (1994), described the standard for determining deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth
> Amendment ... unless the official knows of and disregards
> an excessive risk to inmate health or safety; the official must
> be aware of facts from which the inference could be drawn
> that a substantial risk of serious harm exists, and he must
> also draw the inference.

Id. at 837. Thus, to succeed on such a claim, the prisoner must show: (1) that he was incarcerated under conditions posing a substantial risk of serious harm; (2) that the defendant was "aware of facts from which the inference could be drawn that a

---

5. Based upon the numerous complaints initiated by Reynolds with this Court within the past month, it is clear that prison officials have not interfered with his right to obtain redress from outside the prison walls.

6

substantial risk of serious harm exists"; (3) that the defendant actually drew this inference; and (4) that the defendant deliberately disregarded the apparent risk. Id. at 837. Mere negligent conduct that leads to serious injury of a prisoner by a prisoner does not expose a prison official to liability. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. In Beers-Capitol it was also recognized that a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence.

While it is alleged that the Plaintiff, a federal pre-trial detainee, was attacked by a state inmate, there is no discernible claim that the purported attack occurred because of the difference in the prisoners' respective classifications. There is no allegation by Plaintiff that he was housed with prisoners who were especially prone to violence, only that he should not have been confined with any state or county inmates. This Court is not aware of any constitutional prohibition which restricts the housing of federal and state prisoners together.

A liberal reading of the *pro se* complaint provides that Plaintiff does not allege that he was assaulted by anyone while in administrative detention. Reynolds only states that he was housed in administrative lockdown with an unidentified inmate who had assaulted another prisoner. There is no assertion that this prisoner ever

7

actually harmed or even threatened Plaintiff's safety during said period.  The complaint at best indicates only that placement in administrative detention posed an enhanced risk of assault from fellow prisoners.  This general, wholly unsupported allegation does not satisfy the requirements of Farmer and Beers-Capitol.  There are simply no facts alleged which could establish that the Defendant was aware that the placement of Reynolds in administrative detention posed a threat to his safety and thereafter ignored that risk.

Although Reynolds' status as a pre-trial detainee entitles him to more protection than that afforded to convicted prisoners, the totality of the circumstances surrounding his ongoing incarceration as alleged herein is not of the magnitude to set forth a viable claim of punishment in violation of the Due Process Clause.  Since Plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-07-131
:
JANINE DONATE, :
ET AL., : (Judge McClure)
:
    Defendants :

## **ORDER**

January 30, 2007

In accordance with the accompanying memorandum,

**IT IS HEREBY ORDERED THAT:**

    1.    The Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

    2.    The Clerk of Court is directed to close the case.[6]

---

[6]. The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued in this case is binding on the Warden of the Lackawanna County Prison, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

                                                s/ James F. McClure, Jr.  
                                              JAMES F. McCLURE, JR.  
                                              United States District Judge